CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 28 2012

JULIA C. DUDLEY, CLERK
BY:
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| SYLVIA E. NOFSINGER, | ) | Civil Action No. 7:12cv00030 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA COMMONWEALTH | ) | |
| UNIVERSITY, et al., | ) | |
| | ) | **By: Samuel G. Wilson** |
| Defendants. | ) | **United States District Judge** |

This is an action by plaintiff Sylvia Nofsinger pursuant to 42 U.S.C. § 1983 against defendants (Virginia Commonwealth University ("VCU"); Douglas Boudinot, VCU Dean of Graduate Studies; Cecil Drain, VCU Dean of Allied Health Professions; and Thomas Mayhew, VCU Physical Therapy Department Chair) for damages and injunctive relief to redress the defendants' alleged violation of Nofsinger's constitutional rights to due process and equal protection. Nofsinger also asserts a claim pursuant to the court's supplemental jurisdiction against U.S. Physical Therapy for breach of contract under a third-party beneficiary theory.[1] The matter is currently before the court on the defendants' 28 U.S.C. § 1404(a) motion to transfer this action to the Eastern District of Virginia, Richmond Division. Having considered the convenience of the parties and their witnesses and other relevant factors, the court finds that the Eastern District of Virginia is the appropriate forum and will grant the defendants' motion to transfer.

---

[1] VCU is located in the Eastern District of Virginia, and each individual defendant and the plaintiff herself reside in the Eastern District. U.S. Physical Therapy is headquartered in Houston, Texas and has locations in Chantilly, Richmond, Midlothian, and Christiansburg, Virginia. (Affiliation Agreement 7, 16, E.C.F. No. 9-1.)

The court has named the defendants according to Nofsinger's amended complaint. Nofsinger's original complaint included two additional VCU professors, but Nofsinger has voluntarily dismissed them. The amended complaint also abandons two breach of contract claims against VCU.

# I.

In 2006, Nofsinger enrolled in the Doctor of Physical Therapy program at the School of Allied Health Professions at VCU in Richmond, Virginia. In the summer of 2009, after completing more than eighty credit-hours of course work at VCU, Nofsinger began a required off-campus clinical course at U.S. Physical Therapy in Christiansburg, Virginia. VCU placed doctoral candidates at U.S. Physical Therapy by virtue of an "affiliation agreement" between VCU and U.S. Physical Therapy. Nofsinger alleges that the course instructor, Terri Ferrier, provided inadequate instruction and that Nofsinger decided to have a conversation with Ferrier about course expectations. While the circumstances of that encounter are far from clear, it allegedly resulted in VCU dismissing Nofsinger from the physical-therapy program for a lack of professionalism.[2] VCU claims that after dismissing Nofsinger, it allowed her to participate in a "deliberate, multi-tiered process that allowed Plaintiff the opportunity to present her arguments against . . . the dismissal." (Defs.' Br. Supp. Mot. Dismiss 15, E.C.F. No. 31.) According to the defendants, this process took place in the Eastern District and the decision makers involved currently reside there.

Nofsinger filed this action in the Circuit Court for Montgomery County, Virginia, and defendants removed the action to this court and moved to transfer venue pursuant to 28 U.S.C. § 1404(a).[3] Nofsinger claims that, in dismissing her, VCU violated her constitutional rights to procedural due process and equal protection of the law. She also claims that U.S. Physical

---

[2] VCU also told Nofsinger (and indeed VCU continues to allege) that academic reasons formed part of the basis for Nofsinger's dismissal.

[3] Nofsinger originally filed a § 1983 action in the U.S. District Court for the Eastern District of Virginia on August 2, 2011. After encountering "jurisdictional issues" (related to VCU's refusal to waive sovereign immunity as a defense to Nofsinger's breach of contract claims against the university), Nofsinger voluntarily dismissed her lawsuit and refiled the case in the Circuit Court for Montgomery County, Virginia on November 15, 2011. (Opp. Mot. Transfer 3, 5, E.C.F. No. 17.)

Therapy breached its "affiliation agreement" with VCU and is liable to Nofsinger on a third-party beneficiary theory.

## II.

Nofsinger argues that the court should not transfer the case because her choice of forum is entitled to deference, she was living in the Western District of Virginia when the events giving rise to this action occurred, and Terri Ferrier and other potential witnesses live here, as well. The court finds, however, that the Richmond Division of the United States District Court for the Eastern District of Virginia, is a more appropriate, convenient forum and will transfer the case there.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has held that the same factors relevant to forum non conveniens determinations should also be used in evaluating motions under § 1404, namely: (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses; (4) the cost of obtaining attendance of willing witnesses; (5) the possibility of viewing premises, if applicable; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected. See Foster v. Flying J., Inc., No. 7:06cv459, 2007 WL 193169, at *1 (W.D. Va. January 19, 2007); see also Terry v. Walker, 369 F. Supp. 2d 818, 822 (W.D. Va. 2005) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09 (1947)).

With those factors in mind, the court finds that transfer is proper. Though Nofsinger's choice of forum deserves deference and some relevant events occurred in the Western District of

Virginia, a number of factors point to the Richmond Division of the United States District Court for the Eastern District of Virginia as a more appropriate, convenient forum than the Western District of Virginia. First, VCU is in Richmond, and the individual defendants and Nofsinger reside in the Richmond area in the Eastern District. Second, the decision to dismiss Nofsinger and the hearings that followed all occurred there.[4] Third, it was in Richmond that VCU and U.S. Physical Therapy entered into the "affiliation agreement" that forms the basis of Nofsinger's third-party beneficiary claim, and the agreement states that it is performable in Henrico County, in the Eastern District of Virginia. (Affiliation Agreement 9–10, E.C.F. 9-1.) And fourth, any injunctive relief a court grants would have its effect in Richmond. The court therefore finds that the Eastern District of Virginia, Richmond Division, is the most appropriate forum.

## III.

Though Nofsinger has chosen the Western District as her forum, Nofsinger completed nearly all of her Physical therapy education at VCU in Richmond, the individual defendants are employed by VCU in Richmond, Nofsinger lives in the Richmond area, and the decision to dismiss her and the hearings that followed all occurred there. Under the circumstances, the Richmond Division of the Eastern District of Virginia is a more appropriate, convenient forum than the Western District of Virginia. Accordingly, the court grants the defendants' motion to transfer.

**ENTER**: This 28th day of March, 2012.

UNITED STATES DISTRICT JUDGE

---

[4] During oral argument on this motion, counsel for U.S. Physical Therapy noted that Nofsinger's "key non-party witness," Western District resident Terri Ferrier, has indicated her willingness to travel to the Eastern District as needed.

4